DA 08-0462

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 226N

IN RE THE MARRIAGE OF
HARRY S. HOWARD, III,

Petitioner and Appellee,

and

SUSAN G. HOWARD,

Respondent and Appellant,

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 2006-092C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Suzanne C. Marshall, Marshall Law Firm, P.C., Bozeman, Montana

For Appellee:

Charles P. Bowen, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  June 10, 2009

Decided:  June 30, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Susan Howard appeals the Findings of Fact, Conclusions of Law, and Decree of Dissolution issued by the Eighteenth Judicial District Court on August 14, 2008. We affirm.

## ISSUES

¶3 Did the District Court err when it failed, in dividing the property, to consider the source and by whom contributions were made to purchase marital property?

¶4 Did the District Court err when it found that the marital residence had a value of $2,037,500?

¶5 Did the District Court err when it refused to award Susan maintenance from Harry?

¶6 Did the District Court err when it refused to award Susan her attorney fees?

## FACTUAL AND PROCEDURAL BACKGROUND

¶7 Harry and Susan were married in Choteau, Montana, in 1978. The Howards have four children but only one minor child. This appeal does not involve child custody or child support issues.

2

¶8     Harry filed a Petition for Dissolution of Marriage in March 2006.  In a Stipulation entered in February 2008, the parties agreed to the value of all their properties and debts with the exception of the Rose Creek real property and Harry's shares in Yellowstone Traditions, Inc.  Yellowstone Traditions is a construction company that builds custom homes and custom commercial developments.  Harry joined the company in 1988 and, at the time of the dissolution hearing, owned 1,000 shares of common stock out of a total of 4,100 shares.  The Yellowstone Traditions' accountant testified as to the value of Harry's shares.  The court found his testimony credible and accepted it.  Susan does not appeal this finding.

¶9     Susan does appeal, however, the District Court's findings pertaining to the Rose Creek real property.  This was the personal residence of the Howards prior to their separation, and Susan continued living on this property after the separation.  The property includes 24 acres of land and was a gift to both Susan and Harry from Susan's mother, Bobbi.  The court found that this was the most valuable and significant asset the parties owned, and that it was debt free.  Bobbi confirmed that she gifted the property to both Susan and Harry but testified that Harry's interest "extinguished" when he filed for divorce.  She testified, further, that she paid for various improvements to the property.  Through Bobbi, Susan attempted to introduce receipts and invoices to support this testimony.  Susan, however, failed to produce these documents during the discovery phase of the proceeding, nor had she submitted them as exhibits prior to trial as required by court order.  The District Court therefore struck Bobbi's testimony and refused to admit the documents into evidence.

3

¶10 The parties dispute the value of this property and Harry's claim to a portion of it. Harry testified that he helped Susan's parents find the property to buy and that he constructed the first structure on the land. He claimed that, for 20 years, he contributed labor and money to the property and the improvements made on it. Harry proffered, through expert testimony, a value for the property of between $1,975,000 to $2,100,000.

¶11 Susan did not dispute that Harry found the property and that he contributed money and labor to it over the years. Rather, her argument apparently is that her mother owned the property and gifted it to both of them but because Harry filed for divorce, to allow him to retain any ownership would constitute an "unjust enrichment." Susan suggested, through expert testimony, that the Rose Creek property had a value of $750,000. Susan's expert witness, however, explained that at the time he offered the appraisal, he was a trainee with minimal experience, and not a licensed real estate appraiser. He also stated that he had been retained to provide an "estate planning" value that may have been low because it was reached with an intent to minimize estate taxes. The District Court, accepting the expert witness testimony and corresponding evidence presented by Harry's witness, determined the property was worth $2,037,500.

¶12 The District Court ultimately divided the parties' total assets in a manner that awarded Susan 62% of the marital estate and Harry 38% of the marital estate.

¶13 Susan sought $5,000 per month in maintenance for 7 years. She submitted this request the morning of the trial. The District Court denied her request as a sanction under M. R. Civ. P. 37(b) for her failure to comply with the District Court's order compelling her to provide this information with supporting documentation well before the trial. The

4

court noted multiple examples of Susan's failure to comply with its orders and with legitimate discovery requests.

¶14 Susan also sought payment of her attorney fees and costs by Harry. The District Court, acknowledging its authority to instruct one party to pay the other party's fees and costs, concluded that, based on Susan receiving the majority of the estate, she was unable to establish that payment of these expenses was a "necessity" under § 40-4-110, MCA. The court, therefore, denied her request.

¶15 Susan appeals the above-described findings and conclusions.

## STANDARD OF REVIEW

¶16 We review the valuation and allocation of marital property to determine whether the district court's findings are clearly erroneous. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces us that a mistake has been made. Absent clearly erroneous findings, this Court will affirm a district court's division of property unless we identify an abuse of discretion. In a dissolution proceeding, the test for an abuse of discretion is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in a substantial injustice. *In re Marriage of Stoneman and Drollinger*, 2008 MT 448, ¶ 21, 348 Mont. 17, 199 P.3d 232 (citations omitted).

¶17 In reviewing an award or denial of maintenance, our role is limited to determining whether the district court's findings are clearly erroneous. *In re Marriage of Dirnberger*, 2007 MT 84, ¶ 21, 337 Mont. 56, 154 P.3d 1227.

5

¶18 We review a district court's grant or denial of a request for attorney fees for an abuse of discretion. *In re Marriage of Swanson*, 2004 MT 124, ¶ 13, 321 Mont. 250, 90 P.3d 418.

## DISCUSSION

¶19 Susan proffers numerous claims of error by the District Court which we decline to address individually. We note that the District Court conducted a two-day bench trial during which extensive testimony was presented by the parties, Susan's mother, the expert witnesses who evaluated the Rose Creek property, and a certified public accountant. The court admitted dozens of exhibits. Subsequently, the District Court issued a thoughtful, well-analyzed 33-page ruling with specific citations to many of the exhibits in the record.

¶20 The law pertaining to the issues raised in this case is well-established, and Susan has presented no evidence that her claims warrant reevaluating this well-established body of law. As a result, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The District Court's well-reasoned opinion is not clearly erroneous, it contains correct legal conclusions, and its denial of Susan's request for payment of her attorney fees and costs was not an abuse of discretion.

¶21 We affirm the judgment of the District Court.


/S/ PATRICIA COTTER

6

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART